[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10329
Non-Argument Calendar
_____

D.C. Docket Nos. 6:19-cv-02435-JA-LRH,

6:15-cr-00048-JA-LRH-1


WILLIAM HENRY KEEHN, II,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 1, 2020)

Before MARTIN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

William Henry Keehn, II, is serving a total 450-month federal sentence after pleading guilty in 2015 to receipt and production of child pornography. In 2016, Keehn filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Keehn's § 2255 motion argued that his sentence violated the Eighth Amendment because the district court presumed that his applicable range under the U.S. Sentencing Guidelines was reasonable instead of assessing the facts individually. The district court denied Keehn's § 2255 motion on the merits in 2018. The following year, Keehn moved for leave to file a supplemental § 2255 motion alleging ineffective assistance of counsel. The district court construed the motion as a second § 2255 motion and dismissed it without prejudice.

Later that year, Keehn filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(4). Rule 60(b)(4) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Keehn's motion argued his conviction for child-pornography production under 18 U.S.C. § 2251(a) and (e) exceeded the district court's subject-matter jurisdiction, and thus his conviction for that offense was void. The district court dismissed the motion as an unauthorized second or successive § 2255 motion. Keehn appeals from that dismissal.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal prisoners are entitled to a "single collateral attack" on their conviction or

sentence "unless the conditions of [28 U.S.C. §] 2255(h) have been met."

McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1090 (11th

Cir. 2017) (en banc) (quotation marks omitted and alteration adopted).  Section

2255(h) permits a federal prisoner to file a "second or successive" motion for

relief, provided he receives certification from a panel of the Court of Appeals.  In

other words, a prisoner may file his first collateral motion seeking relief from his

judgment or sentence with the district court.  After that, every additional motion

seeking such relief must be directed in the first instance to our Court.

The "second or successive" bar applies to standard § 2255 motions as well

as § 2255 motions made under the guise of Rule 60(b).  See Gonzalez v. Sec'y for

Dep't of Corr., 366 F.3d 1253, 1263 (11th Cir. 2004) (en banc), aff'd sub nom.

Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005).  The bar does not apply

to "true" Rule 60(b) motions, which seek "relief on a traditional Rule 60(b) ground

for relief from a prior judgment, or at least on a ground that was sometimes used

during the pre-AEDPA era."  Id.  However, a Rule 60(b) motion that "seeks to add

a new ground for [habeas] relief" or "attacks the federal court's previous resolution

of a claim on the merits" is "of course" barred.  Gonzalez, 545 U.S. at 532, 125 S.

Ct. at 2648 (emphasis omitted).

The district court correctly dismissed Keehn's Rule 60(b) motion as an

impermissible second or successive § 2255 motion.  His motion asks for relief

3

from the underlying criminal judgment based on a jurisdictional defect in those proceedings.  This request falls squarely within the traditional ambit of § 2255. See Gonzalez, 366 F.3d at 1260 ("A § 2255 motion is aimed at having a judgment of conviction and sentence set aside because of some constitutional violation, jurisdictional defect, or other ground that makes the judgment subject to collateral attack."); cf. Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (explaining that a Rule 60(b) motion is not second or successive when it "asserts or reasserts no claim but instead attacks some defect in the integrity of the federal habeas proceedings" (quotation marks omitted)), overruled on other grounds by McCarthan, 851 F.3d 1076.  To the extent Keehn wants to challenge his conviction for child-pornography production because of a defect in the district court's jurisdiction, he must first receive permission from our Court to make such a § 2255 motion.  See 28 U.S.C. § 2244(b)(3).

**AFFIRMED.**